**WEN FANG ZOU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

Nos. 07–4327–ag(L), 08–0960–ag(CON).

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

Gang Zhou, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Jamie M. Dowd, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON. O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Petitioner Wen Fang Zou, a native and citizen of the People's Republic of China, seeks review of the September 10, 2007 order of the BIA denying her motion to reopen and the January 29, 2008 order of the BIA denying her motion to reconsider and reopen. *In re Wen Fang Zou*, No. A073 033 179 (B.I.A. Sept. 10, 2007); *In re Wen Fang Zou*, No. A073 033 179 (B.I.A. Jan. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Zou's untimely motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Zou argues that the BIA erred by finding that the evidence she submitted failed to demonstrate either material changed country conditions excusing the untimely filing of her motions to reopen or her *prima facie* eligibility for relief. However, these arguments fail because we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao*, 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).